**SOUTH ATLANTIC S. S. LINE, Inc.**
v.
**UNITED STATES.**
Civ. No. 627.

United States District Court
S. D. Georgia, Savannah D.
Jan. 6, 1954.

Douglas, McWhorter & Adams, Savannah, Ga., for plaintiff.

William C. Calhoun, U. S. Atty., Augusta, Ga., and Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., and Edward H. Hickey and Roger G. Kennedy, Attorneys, Department of Justice, Washington, D. C., for defendant.

SCARLETT, District Judge.

This cause came on to be heard on motion of both plaintiff and defendant for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The Court has considered the pleadings, the affidavits, the stipulations of facts, and has heard oral argument and received and considered briefs, and, finding that there is no genuine issue as to any material fact, has concluded that the plaintiff is entitled to judgment as a matter of law.

The defendant, acting through the Maritime Administration, contracted to sell to South Atlantic Steamship Line, Inc., a Liberty ship at a purchase price of $544,506, reduced by an amount determined to be sufficient to place the vessel "in class". The facts which are not in dispute were stipulated. South Atlantic claims that the reduction in price should have been $5,782.50 (plus interest

on this amount of $154.70) more than the defendant allowed, and the defendant counterclaims that the reduction in price was $905 too much. The parties stipulated that South Atlantic's claim gave full credit for the amount counterclaimed, and that if South Atlantic is entitled to the additional reduction in price the defendant's counterclaim should be denied.

Certain repairs, which both parties agreed were necessary to place the vessel in class, were put out on bids by the Maritime Administration, and Bethlehem Steel, Baltimore, was the apparent low bidder. Bethlehem Steel released its rights to perform the work, and South Atlantic, with the consent of the Maritime Administration, had the work performed by Savannah Machine and Foundry Company at Savannah, Georgia, where the vessel was lying when the bids were put out. Savannah Machine's bid was apparently the next lowest bid.

Several months later the Chief of the Norfolk Section, Division of Ship Repair and Maintenance of the Maritime Administration, discovered that Bethlehem Steel's bid did not cover a substantial portion of the repairs in question because the Maritime Administration failed to send the full list of those repairs to Bethlehem Steel. That official further advised that Savannah Machine's bid automatically became the low bid and prepared and executed for the Maritime Administration a Certificate basing the reduction in purchase price for those repairs on Savannah Machine's bid.

When awarded the repair work, Savannah Machine had submitted an itemized price list, as required by the Maritime Administration, in which it allocated $14,657 of its total bid price to the portion of the repairs which it was discovered later Bethlehem's bid did not cover. This amount is greatly in excess of the difference between Savannah Machine's and Bethlehem's bids. Accordingly, the Court finds that Savannah Machine's bid was the low bid and that the Maritime Administration could not have had the work performed for any less amount than the cost of these repairs as performed by Savannah Machine.

South Atlantic's claim is based on the cost of the repairs as performed on the basis of its bid by Savannah Machine. The Court has concluded that under the clear terms of the contract of sale this is the proper basis for determining the reduction in purchase price for those repairs.

The defendant, repudiating the Certificate executed by the Maritime Administration's Norfolk Repair Chief, claims the reduction in purchase price should be governed by the Bethlehem Steel bid because of an alleged agreement by South Atlantic to accept price reduction on that basis. This alleged agreement is embodied in a letter, which is part of the Stipulation of Facts, and which was written by South Atlantic to the Maritime Administration when South Atlantic thought that the Bethlehem Steel bid was the low bid on the full repairs, misinformation supplied to South Atlantic by the Maritime Administration and resulting from the Maritime Administration's failure to send the full list of repairs to Bethlehem Steel. The Court finds that the plaintiff did not by this letter make a binding agreement to accept the lesser amount.

The defendant also urges as a bar to recovery the so-called "finality clause" of the contract, whereby all questions of fact were to be decided by the authorized representative of the Maritime Administrator. There were no questions of fact in dispute and this clause was not invoked by nor relied upon by the Maritime Administration. The Court finds that this clause is not applicable to this controversy and is not a bar to recovery.

Having concluded that the plaintiff is entitled to judgment as a matter of law, this Court grants plaintiff's motion for summary judgment, denies defendant's motion for summary judgment, and orders that the plaintiff recover of the defendant $5,937.20, with interest at the rate of 4 percent per annum from the date of judgment until paid as provided by Section 2411(b) of the Judicial Code, 28 U.S.C.A.